**ORIGINAL**

# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * *
                                   *
TONY J. VOHNOUTKA,                 *
                                   *
            Plaintiff,             *
                                   *    No. 18-1481C
v.                                 *    Filed: October 9, 2018
                                   *
UNITED STATES,                     *
                                   *
            Defendant.             *
                                   *
* * * * * * * * * * * * * * * * * *
```

**ORDER**

In plaintiff's September 20, 2018 complaint, plaintiff alleges that this court has jurisdiction over plaintiff's complaint, and cites to

> 18 US Code § 242 Deprivation of right's under the color of law - And Worker's compensation of Vermont and osha [Occupational Safety and Health Administration] and Vosha [Vermont Occupational Safety and Health Administration] Being the initial problem by ingoring my safety compliants which led my employer too believe they could continue too run motor cycle's in an enlosed environment and when i would seek freash air i was told too get Back too work after explaining why dave munson stated they are a At will employer and could fire me . . . .[1]

(capitalization in original). The statute at 18 U.S.C. § 242 (2012) is a criminal statute, and the court "'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'"[2] See Khalil v. United States, 133 Fed. Cl. 390, 392 (2017) (quoting Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)); see also Potter v. United States, 124 Fed. Cl. 469, 475 (2015) (concluding that the United States Court of Federal Claims lacked jurisdiction over an alleged violation of 18 U.S.C. § 242); Sharpe v. United States,

---

[1] Plaintiff's capitalization errors, spelling errors, and grammatical errors appear throughout plaintiff's complaint and, when quoted in this order, have been included unchanged.

[2] In at least two unpublished opinions, the United States Court of Appeals for the Federal Circuit has stated that 18 U.S.C. § 242 is not a money-mandating statute. See Harris v. United States, 686 F. App'x 895, 899 (Fed. Cir. 2017); Canuto v. United States, 651 F. App'x 996, 997 (Fed. Cir. 2016), cert. denied, 137 S. Ct. 667 (2017).

7017 1450 0000 1346 2328

112 Fed. Cl. 468, 476 (2013) (determining that the United States Court of Federal Claims lacked jurisdiction over an alleged violation of 18 U.S.C. § 242).

To the extent plaintiff is asserting a workers' compensation claim, the court also lacks jurisdiction over plaintiff's claim.[3] See Thaxton v. United States, 11 Cl. Ct. 181, 182 (1986); see also Gallo v. United States, 76 Fed. Cl. 593, 608 (2007) ("[T]his this court has concluded, on more than one occasion, that it lacks jurisdiction over claims which question the Secretary's discretionary judgment regarding which sections of FECA [Federal Employees' Compensation Act] apply to a particular claimant, or whether a claim warrants compensation."), aff'd, 529 F.3d 1345 (Fed. Cir. 2008). Plaintiff's complaint, therefore, is **DISMISSED**. The Clerk of the Court shall enter judgment consistent with this order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

---

[3] In an unpublished opinion, the United States Court of Appeals for the Federal Circuit stated that the United States Court of Federal Claims "lacks jurisdiction to adjudicate Mr. Jackson's workers' compensation claims." See Jackson v. United States, 242 F. App'x 698, 700 (Fed. Cir. 2007).

2